UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **JOANN BARRON d/b/a BARRON TILE COMPANY,** <br><br> Defendant. | Case No. 1:18-cv-0165-CRC |

## MEMORANDUM OPINION

Plaintiffs in this ERISA action—multiemployer employee benefit plans—seek to recover unpaid contributions and associated damages from an Ohio-based tile company. Despite having been properly served, the company has not responded to the complaint, the Clerk's entry of default, or the Court's order to show cause why judgment should not be entered against it. Plaintiffs now request a default judgment, monetary damages, and attorneys' fees, as well as an injunction requiring the company to submit to a payroll audit and make the required plan contributions going forward. Because Plaintiffs have adequately established that the Defendant is liable and that they are entitled to all of the requested relief, the Court will grant their motion and enter judgment against the company.

I. **Background**

Plaintiffs—the Bricklayers & Trowel Trades International Pension Fund ("IPF") and the International Masonry Institute ("IMI")—are "employee benefit plans" and "multiemployer plans" under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 et seq. ("ERISA"). The plans are funded by contributions made by employers who are signatories to collective bargaining agreements. Ohio-based Defendant Joann Barron is an individual doing

business under the trade name "Barron Tile Company" ("Barron") and is one such employer. It is required under its collection bargaining agreements and the plans' written procedures governing the collection of employer contributions ("Collection Procedures") to submit monthly reports and payments to the plans based on the number of hours worked by its employees in covered job positions. David F. Stupar Supp. Pls.' Mot. Default J. ("Stupar Decl.") ¶ 7. If Barron fails to make the required contributions, Plaintiffs are entitled to file suit to recover the unpaid contributions; interest on the unpaid contributions; either an additional assessment of interest on the unpaid contributions or liquidated damages provided for under the plan not in excess of 20 percent, whichever is higher; reasonable attorneys' fees and costs; and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2).

Plaintiffs allege that Barron failed to "report and pay all amounts owing to [them] as required" by the applicable collective bargaining agreements and the plans' Collection Procedures. Compl. ¶ 10. Barron was properly served on January 31, 2018. Pls.' Aff. Service. It did not respond to the complaint, however, and the Clerk of the Court entered default on February 26, 2018. Entry of Default. Plaintiffs now petition the Court to enter a default judgment, seeking monetary judgement against Barron in the amount of $8,794.44, which includes delinquent contributions, interest on delinquent payments, liquidated damages, process server costs, filing fees, and attorneys' fees. Stupar Decl. ¶¶ 9-13, 15-18.

Section 502(e)(2) of ERISA provides for federal jurisdiction "in the district where the plan is administered." 29 U.S.C. § 1132(e)(2). According to the complaint, both the IPF and the IMI are administered in the District of Columbia. Compl. ¶¶ 1-2. The Court therefore has jurisdiction over the case. Plaintiffs filed the complaint within ERISA's three-year statute-of-limitations period. See 29 U.S.C. § 1113.

## II. Standard of Review

The standard for default judgment is a two-step procedure. See, e.g., Boland v. Cacper Constr. Corp., 130 F. Supp. 3d 379, 382 (D.D.C. 2015). First, the plaintiff requests that the Clerk of the Court enter default against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must move for entry of default judgment. Fed. R. Civ. P. 55(b). Default judgment is available when "the adversary process has been halted because of an essentially unresponsive party." Boland v. Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d 64, 67 (D.D.C. 2011) (internal citation omitted). "Default establishes a defaulting party's liability for the well-pleaded allegations of the complaint." Id. After establishing liability, the court must make an independent evaluation of the damages to be awarded and has "considerable latitude in determining the amount of damages." Id. The court may hold a hearing or rely on "detailed affidavits or documentary evidence" submitted by plaintiffs in support of their claims. Boland v. Providence Constr. Corp., 304 F.R.D. 31, 36 (D.D.C. 2014) (quoting Fanning v. Permanent Sol. Indus., Inc., 257 F.R.D. 4, 7 (D.D.C. 2009)).

## III. Analysis

The Court must determine whether entry of default judgment is appropriate and, if Barron is liable, whether Plaintiffs are entitled to the manner and amount of relief they request. The Court concludes that the company breached its duties under ERISA and the Collection Procedures and that Plaintiffs are entitled to both the monetary and injunctive relief requested.

### A. Liability

Plaintiffs filed suit in January 2018 to recover the damages prescribed by ERISA and the Collection Procedures. Compl. ¶ 1. Barron was served with the summons and complaint on

January 31, 2018. Pls.' Mot. Default J. 1. The Clerk of the Court declared it to be in default on February 26, 2018. Entry of Default. On June 12, 2018, the Court issued an Order to Show Cause why judgment should not be entered for Plaintiffs and set June 28, 2018 as the deadline for Barron to respond. Barron has not responded to either the complaint, the Clerk's entry of default, or the Court's Order to Show Cause.

Because the Clerk of the Court has entered default and Barron has failed to respond, the Court accepts Plaintiffs' well-pleaded allegations and holds that it is liable and that entry of default judgment is appropriate. See Elite Terrazzo Flooring, Inc., 763 F. Supp. 2d at 67. ERISA requires employers to make contributions to multiemployer plans "in accordance with the terms and conditions of" the relevant collective bargaining agreements. 29 U.S.C. § 1145. The IPF and IMI's Collection Procedures specify that contributions are due "on or before the 15th day of the month" after the month in which work was performed. Stupar Decl. ¶ 5. They further provide that Barron will "submit monthly fringe benefit remittance reports and pay monthly fringe benefit contributions to the IPF and IMI for each hour of covered work performed by its employees within the work and geographic jurisdictions of the Agreement." Stupar Decl. ¶ 7. By failing to submit required reports and pay the required contributions to IMI and IPF for covered work, Barron is liable for contractual and statutory damages.

The Court may enter default judgment when a defendant makes no request "to set aside the default" and gives no indication of a "meritorious defense." Fanning, 257 F.R.D. at 7. Barron, as noted above, has not responded to the complaint since being served in January 2018. The Court thus concludes that entry of default judgment against the Defendant is appropriate.

4

B. <u>Damages</u>

The next issue before the Court is the amount of damages due: "[P]laintiffs must prove these damages to a reasonable certainty." <u>Elite Terrazzo Flooring, Inc.</u>, 763 F. Supp. 2d at 68. Under ERISA, employers are required to pay any delinquent contributions, interest on unpaid contributions, liquidated damages at a rate of up to 20 percent or an additional interest assessment at the rate provided under the plan (whichever is higher), and legal fees. 29 U.S.C. § 1132(g)(2). When a defendant has failed to respond, the Court must make an independent determination—by relying on affidavits, documentation, or an evidentiary hearing—of the sum to be awarded as damages.

As support for their requested damages, Plaintiffs have submitted declarations from David F. Stupar, the Executive Director of the IPF and an authorized representative of the IMI, and Richard Hopp, Plaintiffs' attorney of record and counsel at O'Donoghue & O'Donoghue LLP. Both attest to having personal knowledge of the facts regarding the assessment of contributions owed by Joann Barron, as well as the costs incurred in the current suit. Stupar Decl. ¶ 1; Hopp Decl. ¶ 1. Courts in this district, including this one, have accepted similar declarations in support of motions for default judgment regarding monetary damages owed to IPF and IMI. <u>See</u> <u>Cacper Constr. Corp.</u>, 130 F. Supp. 3d at 383; <u>Providence Constr.</u>, 304 F.R.D. at 37; <u>Elite Terrazzo Flooring</u>, 763 F. Supp. 2d at 69. Mr. Stupar's declaration details the amounts owed for delinquent contributions, interest on late paid payments, liquidated damages, court fees, and the process server's fee. Stupar Decl. ¶¶ 9-13, 15-18.

1. *Cover Group 2*

First, Mr. Stupar affirms that Barron reported but failed to pay all the contributions due to IPF and IMI for covered work performed in Local Union No. 8 – Ohio, cover group 2, in August,

October and December 2016, and February, March, April, May, June, and September 2017. Stupar Decl. ¶ 9. Barron owes the IPF contributions in the amount of $1,252.21, and the IMI contributions in the amount of $780.68, interest on the delinquent contributions due to the funds in the amount of $284.17, and liquidated damages in the amount of $406.64. Id. Barron also failed to timely pay contribution dues to the IPF and IMI for covered work performed by cover group 2 during the months of May, July, August, November and December 2016 and January, April and December 2017 and January 2018. Stupar Decl. ¶ 16. Barron owes liquidated damages in the amount of $933.60 to the IPF and IMI. Id.

Second, Barron failed to report and pay all the contributions to the IPF and IMI for covered work performed in Local Union No. 8 – Ohio, cover group 2, in July and August 2017, and February and March 2018. Stupar Decl. ¶ 10. Without the reports, Plaintiffs are entitled to judgment based on reasonable estimates of hours worked by employees in covered employment. See, e.g., Nat'l Shopmen Pension Fund v. Builders Metal Supply Inc., 304 F.R.D. 47, 50 (D.D.C. 2014). Plaintiffs estimate that $245.98 is owed each month to the IPF (for a total of $983.92) and $148.98 is owed each month to the IMI (for a total of $595.92) based on the average hours reported by Barron. The interest on these delinquent contributions is $44.59 to the IPF and $27.01 to the IMI; liquidated damages are $147.60 to the IPF and $89.40 to the IMI. Stupar Decl. ¶ 11-12.

    2. *Cover Group 29*

First, during March and May 2017, Barron reported but failed to pay to the IMI all contributions owed for covered work performed in Local Union No. 8 – Ohio, cover group 29. Stupar Decl. ¶ 13. Barron owes the IMI contributions in the amount of $7.54, interest on the

delinquent contributions in the amount of $1.05, and liquidated damages in the amount of $1.51. Id.

Second, Barron failed to report and pay all contributions to the IPF and IMI for covered work performed in Local Union No. 8 – Ohio, cover group 29, in December 2016 and June, August, September, October, November and December 2017, and January, February and March 2018. Stupar Decl. ¶ 14. Plaintiffs estimate that $6.82 is owed each month for December 2016 and $7.05 per month for June, August, September, October, November and December 2017, and January, February and March 2018 to the IMI (for a total of $70.27) based on the average monthly hours reported by Barron. Stupar Decl. ¶ 15. The interest on these delinquent payments is $4.18 to the IMI; liquidated damages are $12.65 to the IMI. Id.

       3. *Court Fees*

Additionally, Plaintiffs are entitled to recover court fees under ERISA Section 502(g)(2)(D). Here, Plaintiffs incurred a $400 court filing fee and a $185 process server fee. Stupar Decl. ¶¶ 17-18.

The costs detailed above total $6,227.94.

C. <u>Attorneys' Fees</u>

Aside from contractual damages, ERISA also requires defendants to pay plaintiffs' reasonable attorney's fees. 29 U.S.C. § 1132(g)(2)(D). O'Donoghue & O'Donoghue charged Plaintiffs $295 an hour for 8.7 hours of work, totaling $2,566.50 in attorney's fees for this case. Hopp Decl. ¶ 2, 4. In support of the requested attorney's fees, Mr. Hopp's declaration details the services provided to Plaintiffs. He attests that he has over 27 years of experience practicing exclusively in the field of labor and employee benefits. Id. ¶ 1. He also notes that the firm has

charged reduced hourly rates in this case that fall "substantially below" the rate in the current Laffey matrix. Id. ¶ 4.

Mr. Hopp's declaration outlines the individual tasks he performed, from preparing the complaint to drafting the motion for default judgment. Hopp Decl. Ex. 1. Because this declaration constitutes the type of "detailed . . . documentary evidence" on which the Court may rely, see Fanning, 257 F.R.D. at 7, the Court concludes that Plaintiffs have justified the hours expended in this case.

The Court likewise finds the requested rates to be reasonable. Mr. Hopp states that the negotiated fee of $295 an hour is "below the usual and customary fee charged for this type of work." Hopp Decl. ¶ 4. Given that the firm charged below-market rates, the Court finds the request to be reasonable. See, e.g., Providence Constr. Corp., 304 F.R.D. at 37 (holding that "Funds are entitled to an attorneys-fee award calculated at market rates . . ."). The Court therefore determines that Plaintiffs are entitled to $2,566.50 in attorney's fees.

D. Equitable Relief

The final issue before the Court is whether Plaintiffs are entitled to their requested equitable relief: an order directing Barron to submit an audit of its payroll records and an injunction requiring Barron to 1) submit all remittance reports accurately to Plaintiffs no later than the fifteenth day of the month following the month in which the Defendant's employees performed their work, and 2) pay the Plaintiffs all contributions owed no later than the fifteenth day of the month following the month in which the Defendant's employees performed their work. Pls.' Mot. Default J. 9–10.

ERISA permits courts to grant "other legal or equitable relief as [it] deems appropriate." 29 U.S.C. § 1132(g)(2)(E). This may include "an injunction requiring a defendant to permit, and

cooperate with, an audit of its books and records." Fanning v. AMF Mechanical Corporation, No. CV 17-1514 (TJK), 2018 WL 2389727, at *4 (D.D.C. May 24, 2018) (quoting Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66, 70 (D.D.C. 2002)). In similar situations with non-responsive defendants, courts have awarded injunctions requiring an employer to comply with its obligations under ERISA and collective bargaining agreements. See Boland v. Yoccabel Constr. Co., Inc., 293 F.R.D. 13, 20-21 (D.D.C. 2013); Int'l Painters & Allied Trades Industry Pension Fund v. ZAK Architectural Metal & Glass, LLC, 635 F. Supp. 2d 21, 26 (D.D.C. 2009); Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder, LLC, 498 F. Supp. 2d 237, 242 (D.D.C. 2007).

Guided by these prior cases, the Court grants Plaintiffs' petition for an injunction "because the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process." ZAK Architectural Metal & Glass, LLC, 635 F. Supp. 2d at 26 (internal citation omitted). The Court directs Barron to submit to an audit of its payroll records, file the reports required under the applicable collective bargaining agreement, and pay all contributions to IPF and IMI that may become due after the entry of judgment.

## IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiffs' Motion for Entry of Default Judgment. The Court will issue an order consistent with this opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: June 29, 2018